IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Case No. 15 C 50155 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Francis X. Sanchez, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |

**ORDER**

For the following reasons, defendant's 28 U.S.C. § 2255 motion to reduce his sentence
[1] is dismissed/denied. The court declines to issue a certificate of appealability. The matter is
terminated.

**STATEMENT - OPINION**

This matter pertains to the 28 U.S.C. § 2255 motion defendant Francis X. Sanchez filed
in this court [1], challenging his 2012 criminal conviction in this court for wire fraud. Defendant
argues that his trial counsel was ineffective in various respects. The government responds that
defendant's motion should be dismissed as untimely. The government further responds that
defendant's motion fails on the merits because counsel was not deficient and defendant was not
prejudiced from counsel's actions.

A. Timeliness of the § 2255 Motion.

As an initial matter, the government argues that defendant's § 2255 motion was untimely
because it was received and filed on July 1, 2015, one day after the June 30, 2015 statute of
limitations had expired in this matter. Both parties agree that the motion was filed one day late.
Ordinarily, the prison mailbox rule would apply, such that the date of filing would be considered
the date that the defendant placed his motion in the prison mailbox system. Here, however,
defendant elected to have his motion filed by private counsel. Counsel submitted the motion by
delivering via Federal Express overnight delivery on June 29, 2015. The motion was guaranteed
to arrive by June 30th, but was delayed by one day to July 1st "due to tornadic activity and
thunderstorms that grounded all flights in the Midwest." *See* [15] at 2.

The Seventh Circuit has held that AEDPA's one-year statute of limitations can be
equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and
(2) that some extraordinary circumstance stood in his way and prevented timely filing."
*Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631
(2010)). The defendant bears the burden of showing that equitable tolling is warranted. *Id.* at
748. "The realm of equitable tolling is a highly fact-dependent area in which courts are expected

1

to employ flexible standards on a case-by-case basis. That said, tolling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014). Notably, "the Supreme Court has made clear that a 'garden variety claim of attorney negligence' or 'excusable neglect' is insufficient" to show an extraordinary circumstance warranting equitable tolling. *Id.* at 749. "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003). The Seventh Circuit has also found that attorney incapacity does not constitute an extraordinary circumstance. *See id.*

With regard to the first prong, defendant argues that he has been pursuing his rights diligently, and that his inability to complete the instant motion earlier was due to a breakdown in communication with his trial counsel and inability to obtain required information. With regard to the second prong, defendant contends that his delay was created by "An Act of God," which he argues "can be considered an extraordinary circumstance." *See* [15] at 2. The government disagrees, arguing that weather delays are foreseeable and should not constitute an extraordinary circumstance. Both parties cite *Johnson v. McBride*, 381 F.3d 587 (7th Cir. 2004), in which the petitioner's § 2254 petition was deemed untimely despite the fact that counsel mailed the petition one day prior to expiration of the statute of limitations. The court noted that the deadline had been missed because:

> Counsel bungled the job in two ways. First, she waited until the final business day of the statutory year. Prudent lawyers act sooner, so that Murphy's Law will not undermine a client's interests. Second, counsel used first-class mail rather than Federal Express or another service that guarantees next-business-day delivery, or (better still) sending a messenger to the courthouse to file in person.

*Id.* at 589. It was uncontested that counsel had erroneously believed that mailing the petition would toll the statute of limitations by three days. The petitioner argued that equitable tolling should apply, because the delay was the fault of his attorney. The Seventh Circuit declined, holding that "we hold the prisoner responsible for his attorney's bungling." *Id.* at 590 (quoting *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003)).

Defendant argues that *Johnson* stands for the proposition that equitable tolling should apply if an attorney mails a habeas motion on the eve of the statutory period and uses Federal Express next-business-day delivery. The government argues that *Johnson* stands for the proposition that mailing on the eve of the statutory deadline is itself so risky that the extraordinary circumstances prong should not be met, regardless of what means the attorney uses to mail the motion.

Despite the parties' contention, a strict reading of *Johnson* reveals that the court's holding was restricted to the well-settled proposition that attorney negligence is not a grounds for equitable tolling. In *Johnson*, it was not contested that the attorney had made an error by using first class delivery on the eve of the statutory deadline, believing that the statute of limitations would be tolled three days. The court's discussion as to what exactly constituted the attorney's "bungling" was thus dicta. Nevertheless, given the lack of equitable tolling caselaw directly on point with the instant case, the *Johnson* court's explication that mailing on the eve of the statutory deadline is itself an imprudent act, given the possible application of "Murphy's Law," suggests that the extraordinary circumstance prong of the equitable tolling standard

should not ordinarily apply in such a case. This is bolstered by the Seventh Circuit's repeated warning that equitable tolling "is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *See Socha*, 763 F.3d at 684. True, any individual weather event may be "far beyond" a litigant's control. However, weather-related mailing delays, particularly those delaying mail delivery by one day, are not extraordinary. A prudent litigant intending to mail a filing will ordinarily do with a multi-day buffer, thus ensuring that weather conditions or other delays will not prevent timely filing except in truly extraordinary circumstances.

For the foregoing reasons, the court agrees with the government that defendant has not shown that extraordinary circumstances exist. As such, equitable tolling does not apply and defendant's untimely motion is subject to dismissal on those grounds alone. Nevertheless, in an abundance of caution, the court also denies the motion on the alternative basis that it fails on the merits, as shown below.

## B. Ineffective Assistance of Counsel.

On the merits of his motion, defendant raises four claims of ineffective assistance of trial counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The standards for such a claim are well established in the Seventh Circuit:

In *Strickland*, the Supreme Court established a two-part test for adjudicating ineffective assistance of counsel claims that requires a petitioner to show (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced his defense. To establish deficiency, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Rodriguez*, 842 F.3d at 537-38 (internal quotations omitted).

First, defendant argues that his counsel was ineffective for failing to object to Count One of his indictment, charging him with mail fraud, because the indictment is somewhat vague on the relevant dates and does not accuse defendant of fraudulent behavior on every numbered paragraph. Despite defendant's contention to the contrary, the Seventh Circuit on direct appeal has already evaluated this claim on direct appeal, finding that:

[T]he indictment outlines a nine-year scheme that Sanchez and his partner devised to defraud investors of millions, and it describes numerous misrepresentations they made to accomplish that end. The government needed only to allege that Sanchez devised a scheme "to deceive or cheat" his victims and that he used the mail to execute that scheme. Moreover, the only date that matters is the date of the mailing. Thus, even a timely challenge to this indictment would have been frivolous.

*United States v. Sanchez*, 533 F. App'x. 663, 665 (Mem) (7th Cir. 2013). This court agrees with the Seventh Circuit that any challenge would have been frivolous. The court finds that counsel

was not deficient, defendant was not prejudiced by the lack of a challenge to Count One, and as such defendant's first ground for relief is without merit.

Second, defendant argues that counsel was ineffective for failing to explain to him the application of the Sentencing Guidelines, particularly the fact that the court could ultimately sentence him to a term of imprisonment greater than that calculated in the plea agreement, such as for loss calculations or enhancement for victims. Defendant's contentions are contradicted by the plea agreement he signed, which explained all of these factors. The plea agreement also stated that the parties' Guideline calculations were preliminary in nature, that the court would ultimately be guided by the Guidelines and the probation office's independent investigation, and that defendant's guilty plea was not contingent with the court agreeing with the plea agreement's tentative calculations.

Defendant's contentions are also contradicted by his sworn statements to this court. At the time defendant pleaded guilty, he indicated that he had not read the plea agreement. The court continued the hearing until defendant had an opportunity to read the agreement and discuss it with his counsel. Defendant ultimately informed the court that he read the agreement, understood it, agreed with it, and did not need any more time to consult with his counsel. Further, the court explicitly informed defendant that the court might disagree with the parties' Guideline calculations in the plea agreement. Defendant stated under oath that he understood this and still wished to plead guilty. Defendant offers no compelling reason why there is a disparity between his statements under oath to the court and his position now. *See United States v. Stoller*, 827 F.3d 591, 595 (7th. Cir. 2016) (defendant "cannot obtain relief by the expedient of contradicting statements made freely under oath unless there is a compelling reason for the disparity") (quoting *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) (vacated on other grounds, 554 U.S. 911 (2008)). The court finds that defendant's statements to the court show that he was not prejudiced by any earlier failure of counsel to explain the plea agreement, and as such defendant's second ground for relief is without merit.

Third, defendant argues that counsel was ineffective for failing to object to the loss amount in calculating his Guideline range, as well as for failing to raise an *Apprendi* challenge to the court's restitution award because it was not charged in the indictment and proven beyond a reasonable doubt.

With regard to defendant's argument regarding restitution, a virtually identical argument was rejected by the Seventh Circuit on direct appeal because "[w]e have said repeatedly . . . that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not apply to the calculation of restitution. . . . Likewise, *Apprendi* does not apply to upward adjustments under the guidelines." *See Sanchez*, 533 F. App'x. at 665. Recognizing the state of the law, defendant argues that counsel was deficient for preserving the issue for appeal. Nevertheless, the court will not find that counsel was deficient for failing to raise an issue foreclosed by controlling Seventh Circuit precedent.

With regard to defendant's argument regarding the loss amount, the Seventh Circuit on direct appeal noted that "[t]he probation officer arrived at a total loss of $7.9 million by subtracting from gross receipts the amounts returned to investors as principal or 'profits.' That is the appropriate means of calculating loss from a Ponzi scheme." *Id.* at 664. Here, defendant argues that the loss amount was incorrect because two victims, B.S. and P.S., both testified that they had suffered losses when in fact they had been repaid in full. However, neither of these

victims' purported losses were included in any of the loss calculations or the court's findings. Defendant raises no other arguments other than a generalized belief that "[a] thorough investigation of the numbers attributed as loss would have found multiple other errors," despite defendant failing to show that the "errors" he pointed to were included in the court's findings. The court finds that counsel was not deficient and defendant was not prejudiced, and as such defendant's third ground for relief is without merit.

Fourth, defendant argues that his counsel was ineffective because there was a total breakdown in communication between defendant and his counsel during the prosecution of this case, and at times counsel was intoxicated and called him racial slurs. He also states that counsel did not inform the court of these facts and that defendant wanted different counsel. Defendant's position is contradicted by defendant's statements under oath to the court. At the change of plea, defendant stated that he had discussed relevant information with counsel and he trusted counsel. *See United States v. Sanchez*, Case No. 3:10-cr-50073-1, Doc. # 75 (N.D. Ill). There was a period of difficult communication between defendant's guilty plea and sentencing, and contrary to defendant's contention counsel indicated to the court during a hearing that defendant wished to have new counsel. *See id.* at Doc. # 76. The court specifically indicated to defendant that he could file a motion for a new attorney after discussing it with his attorney, and the court granted him additional time to do so. *See id.* At the next hearing, the court asked defendant if he wanted to continue with his counsel, and defendant indicated that he did. *See id.* at Doc. #78. Finally, defendant acknowledged at sentencing that counsel "has done the best he can in this tremendous tremendous case." *See id.* at Doc. #77 at 37. Because defendant stated under oath that he wished to plea guilty because he was guilty, and the court later explicitly gave defendant the opportunity to change counsel prior to sentencing, which defendant ultimately refused, defendant cannot show prejudice regardless of whether counsel was deficient. The court therefore finds that his fourth ground for relief is without merit. For the foregoing reasons, the court finds that defendant's § 2255 motion fails on the merits.

While defendant attempted to raise constitutional issues in his § 2255 motion, the court finds his collateral claims are both untimely and are without merit and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability. The matter is terminated.

Date: 1/25/2017                                   ENTER:

_Philip G. Reinhard_

_____
United States District Court Judge

Notices mailed by Judicial Staff  (LC)

5